IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CALEB MILLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-00331-PX |
| GINA RAIMONDO, U.S. SECRETARY OF COMMERCE | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

Pending in this employment discrimination action is a motion to dismiss filed by Gina Raimondo, United States Secretary of Commerce (the "Secretary").[1] ECF No. 16. The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons discussed below, the motion is GRANTED and the Complaint is dismissed, in part with prejudice and in part without prejudice.

**I.     Background**

Plaintiff Caleb Miller proceeds pro se and has filed this action using the pre-printed complaint forms provided by the Court, incorporating the formal charge filed with the Equal Employment Opportunity Commission ("EEOC"). ECF Nos. 1 & 1-1. The Court accepts the Complaint facts as true and in the light most favorable to Miller. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Miller, a 36-year-old white male, works as a Demographer at the United States Census Bureau. ECF No. 1-1 at 2–3. Between 2017 and 2020, Jason Devine supervised Miller, and passed over Miller for promotions in favor of three other employees. *Id.* at 3. Devine also

---

[1] Secretary Raimondo is sued in her official capacity on behalf of the United States Census Bureau (the "Census Bureau"), which is an agency within the Department of Commerce.

removed Miller from several project teams. *Id.* at 3–4.

On August 26, 2020, after ignoring Miller entirely for about six months, Devine chose Miller for a "high priority assignment" that involved organizing data for the Secretary of Commerce. *Id.* at 4. Miller—concerned that the assignment was ambiguous and contrary to standard Census Bureau procedure—requested to meet with Karen Battle, Devine's supervisor, to discuss the assignment. *Id.* at 5.

Several days later, Miller told Devine about his request to see Battle. *Id.* Miller also told Devine that he was going to file an EEOC complaint against him. On the morning of September 3, 2020, just a few hours after Miller informed Devine of the EEOC charge, Devine issued him a "letter of reprimand." *Id.* Although the reprimand letter was dated September 2, 2020, the metadata on the document reflects that it had been created on September 3, 2020, at 11:32 am. *Id.* at 5–6.

Repeatedly, Miller also requested that he be transferred to different teams within the Census Bureau. *Id.* at 6. His requests were denied. *Id.* Miller, with no factual support, maintains that he had been "subjected to disparate treatment" in these denials because of his "gender, protected EEO activity, age?" *Id.*

On February 8, 2022, Miller filed suit in this Court, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). ECF No. 1 at 4. The Complaint avers that the Census Bureau, through Devine, "discriminated against [him] in hiring decisions" and subjected Miller to "ongoing hostile work environments, unfair and unequal treatment and retaliation." ECF No. 1-1 at 6.

The Secretary moves to dismiss the action, which Miller opposes. ECF Nos. 16 & 21.

Because the Complaint fails to make plausible a violation of Title VII or the ADEA, the motion to dismiss is granted. However, the Title VII claims will be dismissed without prejudice and Miller will be afforded one opportunity to amend his Complaint.

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra*, 120 F.3d at 474. To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Because Miller proceeds pro se, the Court must read his pleadings charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679). A complaint must "permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190

(4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (internal quotes and alterations omitted).

### III. Analysis

#### A. ADEA Claims

The court begins with the ADEA claims which are easily disposed. The ADEA prohibits age discrimination against individuals who are at least 40 years old. 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). Because Miller was only 36 at the time of the alleged wrongdoing, he cannot pursue any theory of relief under the ADEA. ECF No. 1-1 at 2 (stating his age as 36). Further, because Miller could not possibly cure this pleading defect, the claims are dismissed with prejudice.

#### B. Title VII Claims

The Complaint also brings three Title VII claims based on Miller's gender. The Secretary contends that each fails as a matter of law. The Court reviews each claim separately.

##### 1. Discrimination

First, as to the discrimination claim, the Secretary maintains that the Complaint fails to make plausible how Miller had been denied promotion or transfer on account of his gender. A gender discrimination claim is subject to the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). Under this framework, the plaintiff must make a *prima facie* showing that he (1) is a member of a protected class; (2) performed his job in a satisfactory manner; and (3) suffered an adverse employment action in a manner that (4) gives rise to an inference of discriminatory animus. *See Goode v. Cent. Va. Legal Aid Soc., Inc.*, 807 F.3d 619, 626 (4th Cir. 2015), *abrogated in part on other grounds by Bing v. Brivo Sys., LLC*, 959 F.3d 605, 611–12 (4th Cir. 2020) (discussing when an order is final and appealable). However, at the pleading

stage, a Title VII discrimination claim will survive challenge if some facts are pleaded which "raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555); *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).  Although the complaint need not establish every element of the *prima facie* case with specificity, reference to that standard "helps to gauge the adequacy of the factual allegations in terms of plausibility." *Parker v. Child. Nat'l Med. Ctr.*, No. ELH-20-3523, 2021 WL 5840949, at *8 (D. Md. Dec. 9, 2021).

Even with this forgiving standard in mind, the discrimination claim fails as a matter of law.  The Complaint summarily alleges that Miller had been repeatedly passed over for favorable transfers, but provides no facts to support that these management decisions had anything to do with his gender.  Likewise, the Complaint asserts that Devine promoted three "less qualified" individuals—Tom Fitzwater, Christine Boremen, and Derek Breese—instead of Miller.  ECF No. 1-1 at 3.  Two of the three named individuals are also men, so their promotions do not make plausible that Miller had been rejected because of gender.  And as to Boreman, no facts make plausible that she had been selected over Miller on account of gender.  The Complaint certainly alleges, in conclusory fashion, that Devine "discriminated against [Miller] in hiring decisions," but offers no facts to support that such was the case.  *Id.* at 6.  Viewing the Complaint most charitably, the allegations as to Boreman do not rise "above the speculative level." *Coleman*, 626 F.3d at 190.

In his response to the motion, Miller maintains that Devine purposely passed over him because Devine generally preferred women for promotions.  ECF No. 21 at 3, 9.  Miller cannot amend his Complaint through a responsive pleading.  *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may not be

amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  Nonetheless, because Miller proceeds pro se, the Court will permit Miller one opportunity to amend the Complaint to add facts in support of his claim that Devine promoted Boreman instead of Miller because of gender.  But as to the allegation that Miller faced less preferable treatment than *other men* (Fitzwater and Breese), solely due to his gender, the claim cannot be amended because the *prima facie* case requires showing "different treatment from similarly situated employees *outside* the protected class." *Coleman*, 626 F.3d at 190 (emphasis added).  Thus, to the extent the claim is based on Devine's promotion of two other men, it is dismissed with prejudice.[2]

**2. Hostile Work Environment**

The Secretary argues that the hostile work environment claim fails because no Complaint facts support that Miller had been subjected to a sufficiently hostile environment on account of his gender.  ECF No. 16-1 at 4.  To make plausible this claim, the Complaint must aver some facts to demonstrate that Miller: (1) experienced unwelcome harassment (2) based on his protected class (3) that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere and (4) can be imputed to the employer.  *Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 219 (4th Cir. 2013) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).  "Harassment due to personality conflicts will not suffice"; rather, a plaintiff must plausibly allege that the plaintiff's protected class was the cause of the harassment.  *Ziskie v. Mineta*, 547 F.3d 220, 226 (4th Cir. 2008).  In determining whether the harassment gives rise to a cognizable claim, courts consider whether "the workplace is

---

[2] That said, Miller seems to broadly suggest in his responsive pleading that Devine also discriminated against him based on his race (white). ECF No. 21 at 2–3, 9.  As to that liability theory, certainly the promotion of non-white men could make plausible the claim.  But Miller must amend the Complaint to include some facts that make plausible that he was subjected to adverse employment action on account of race.

permeated with 'discriminatory intimidation, ridicule, and insult'" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)).

The Complaint, once again, falls short. The Complaint avers that Miller's work environment had been sufficiently "hostile" because Devine had removed him from project teams, ignored and reprimanded him, and passed him over for promotions. But no facts support that any of this conduct had been motivated at all by Miller's gender. ECF No. 1-1 at 6. Nor does Miller make plausible that the workplace had been sufficiently "permeated with discriminatory intimidation, ridicule, and insult" to create an "abusive environment." *Harris*, 510 U.S. at 21 (internal quotation marks omitted). Removal from assignments and unfair criticism do not, without more, amount to cognizable workplace harassment. *See Myers v. Md. Auto. Ins. Fund*, No. CCB-09-3391, 2010 WL 3120070, at *6 (D. Md. Aug. 9, 2010) ("instances of negative feedback [that] may have been offensive to [plaintiff]" are insufficient to sustain a hostile work environment claim as "criticism is usually unwelcome"); *Vincent v. MedStar S. Md. Hosp. Ctr.*, No. TDC-16-1438, 2017 WL 3668756, at *9–10 (D. Md. Aug. 22, 2017), *appeal dismissed*, No. 17-2093, 2017 WL 8236033 (4th Cir. Nov. 9, 2017) (finding no hostile work environment claim where supervisor refused to communicate with employee or invite her to meetings); *Riley v. Tech. and Mgmt. Servs. Corp., Inc.*, 872 F. Supp. 1454, 1462 (D. Md. 1995) (concluding, in the context of a wrongful discharge claim, that "dissatisfaction with work assignments and feelings of being unfairly criticized are simply insufficient" to show that working conditions were intolerable). Accordingly, Miller's hostile work environment claim must be dismissed. Miller will have the opportunity to cure these pleading defects in an

amended complaint.

### 3. Retaliation

Lastly, the Court considers Miller's retaliation claim. The Secretary maintains that the claim fails because Devine's reprimand letter, even if in response to Miller's EEOC complaint, is not sufficiently adverse for the claim to survive. ECF No. 16-1 at 9. Under Title VII, an employer may not take adverse action against an employee who "opposed" a practice that Title VII forbids, or "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59–60 (2006). To sustain a retaliation claim, Miller must show that he (1) engaged in protected activity; (2) was subject to an adverse employment action; and (3) that a causal link exists between the two. *Coleman*, 626 F.3d at 190. A casual connection may be established by demonstrating that the adverse action was close in time to the protected activity. *Roberts v. Glenn Indust. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021).

Importantly, in the context of retaliation, the adverse employment action "need not affect the terms and conditions of employment." *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 327 (4th Cir. 2018) (internal quotation marks omitted). The acts will be considered sufficiently adverse if they "'might have dissuaded a reasonable worker' from engaging in protected activity." *Id.* (quoting *Burlington*, 548 U.S. at 64, 68). Generally, the mere receipt of a reprimand letter alone will not be sufficient. *See Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 429 (4th Cir. 2015) (concluding, in the context of a Family and Medical Leave Act claim, that "neither the written nor the verbal reprimands qualify as adverse employment actions, because they did not lead to further discipline"); *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 492 (D. Md. 2013) (finding that a letter of reprimand does not constitute an

adverse employment action in the context of a retaliation claim). But where the reprimand threatens future discipline or leads to some other adverse outcome, the claim may survive challenge. *Barnes v. Charles Cty. Pub. Sch.*, 747 Fed. App'x 115, 119 (4th Cir. 2018).

The Complaint in its current iteration does no more than aver Miller received a letter of reprimand close in time to when he notified Devine of his EEOC complaint. ECF No. 1-1 at 5. Although the timing of the letter of reprimand as pleaded is suspicious, no other facts make plausible that the letter had any other consequences to render the letter sufficiently adverse. Thus, the claim fails as a matter of law.

The Court recognizes that Miller proceeds pro se, and that this defect may very well be cured by appending to an amended complaint the reprimand letter itself, or by including any other facts which make plausible that Miller experienced adverse consequences from the letter. To be sure, the likelihood that Miller could amend the Complaint accordingly is high, given that Miller's response discusses how the reprimand letter threatened more severe disciplinary action and adversely affected him in future interviews. ECF No. 21 at 7–8. While the Court cannot allow Miller to amend the claim by reciting additional facts in his response, *see Mylan Laboratories*, 770 F. Supp. at 1068, the claim will be dismissed without prejudice so he may file an amended complaint.

### IV. Amending the Complaint

Because Miller proceeds pro se, he will be afforded an opportunity to amend the Complaint consistent with this Opinion and Order. Any proposed amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests."

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Miller is reminded that the amended complaint will replace the current Complaint. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Miller must include all allegations so that the amended complaint stands alone as the sole complaint in this case. Lastly, Miller is warned that failure to file an amended complaint may result in dismissal of the case with prejudice and without further warning.

### V.     Conclusion

Based on the foregoing, the Secretary's motion to dismiss is granted with prejudice as to the ADEA claims and without prejudice as to the Title VII claims. Miller shall be given an opportunity to amend the Complaint to cure the pleading deficiencies. Within 28 days from the date of this memorandum opinion and accompanying order, Miller may file an amended complaint. The Secretary shall have 14 days after such filing to either renew the motion to dismiss or answer.

A separate Order follows.

10/26/2022                                                                                           /S/
Date                                                                                                         Paula Xinis
                                                                                                                  United States District Judge